UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MUNIRAH EL BOMANI,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**RAS J. BARAKA,**<br>**AMIRI BARAKA, JR.,**<br>**ERIC PENNINGTON,**<br>**LUIS QUINTANA,**<br>**NEWARK POLICE DEPARTMENT,**<br>**MARCUS J. THOMAS,**<br>**AND**<br>**KENYATTA STEWART**<br><br>        **Defendants.** | Civ. No. 20-655 (KM) (ESK)<br><br>**OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

*Pro se* plaintiff Munirah El Bomani has filed a civil rights complaint against the above-captioned defendants, all affiliated with the City of Newark. Before the Court is the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated herein, I will grant Defendants' motion.

### I.  Summary[1]

Plaintiff Munirah El Bomani, a resident of the City of Newark, initiated this action on January 17, 2020 by filing a form complaint against Ras J. Baraka, the City's Mayor; Amiri Baraka, Jr., the Chief of Staff; Eric Pennington, the Business Administrator; Luis Quintana, Councilman At Large; the Newark

---

[1] "DE" refers to docket entry numbers in this case. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"Compl." = Ms. El Bomani's Complaint (DE 1)

1

Police Department; the Newark Municipal Council; Police Officer Marcus Thomas; and Kenyatta Stewart, the Corporation Counsel. (Compl. at 1-3)

The complaint alleges that on September 18, 2019, sometime between 7:00 p.m. and 7:30 p.m., Ms. El Bomani was listed to speak at the "Hearing of Citizens" portion of a City Council meeting. (Compl. at 4) "Just before" her time to speak, Ms. El Bomani was "issued" a letter informing her that she was banned from speaking for sixty days based on an incident that had occurred the previous day, September 17, 2019. (Compl. at 4) Ms. El Bomani alleges that, while she asked the Council why she was being prevented from speaking during a public meeting and why she was forced to leave a public building, "Councilman Luis Quintana called the police officers assigned to the council chambers to remove [her] from the podium and council chambers." (Compl. at 4) Police Officer Marcus Thomas then allegedly "grabbed" Ms. El Bomani, "manhandled" her, hit her jaw, and removed her from the City Council's chambers. (Compl. at 4)

Plaintiff alleges that as a result of Defendants' conduct, she suffered injury to her constitutional rights, as well as physical injuries and emotional harm. (Compl. at 4) She seeks a declaratory judgment that Defendants violated her rights under the First Amendment to the United States Constitution, injunctive relief in the form of an order prohibiting Defendants from violating her rights in the future, and pain and suffering damages in the amount of $250,000. (Compl. at 5)

On June 24, 2020, Defendants filed a motion (DE 7) to dismiss the complaint. Plaintiff failed to file any opposition. I nevertheless analyze the merits of the motion. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (motion to dismiss is not to be granted solely on the basis that an opposition has not been filed in accordance with local rules).

## II.     Legal Standard

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *see Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice . . . . keeping in mind that *pro se* complaints in particular should be construed liberally." (citations omitted)). This does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

### III. Discussion

The complaint does not explicitly identify a cause of action. I construe the complaint as asserting a First Amendment "right to speak" claim under 42 U.S.C. § 1983, and state law tort claims of assault or negligence.

#### a. Claims against certain executive officials

At the outset, I will dismiss the claims against Mayor Baraka, Chief Baraka, Business Administrator Pennington, Public Safety Director Ambrose, and Corporation Counsel Stewart. As against them, the complaint alleges no facts at all.

#### b. Claims against the Newark Police Department and the Newark Municipal Council

Defendants submit that Ms. El Bomani has improperly sued the City's Police Department and its Municipal Council. (DE 7-1 at 14) Defendants submit that, as mere arms of City government, they do not have the independent capacity to sue or be sued.

The Third Circuit has recognized that, as "an administrative arm" of a municipality, a police department cannot be sued under Section 1983 as an entity separate from that municipality. *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007); *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir.

2004) (citing N.J. Stat. Ann. § 40A:14-118). Therefore, the claims against the Newark Police Department are dismissed.

Defendants maintain that the same holds true for a municipal council. (DE 7-1 at 14) They rely on two New Jersey state court opinions for the proposition that municipal councils cannot be sued as individual entities. (DE 7-1 at 14 (citing *W. Jersey & S.R. Co. v. Bd. of Water Comm'rs of Atlantic City*, 86 N.J.L. 634, 637-38 (N.J.1914); *see Mesgleski v. Oranboni*, 748 A.2d 1130, 1134 (N.J. Super. Ct. App. Div. 2000). Under the Faulkner Act, the mayor and council each exercise part of the governing power, but the body corporate in whose name they act is the city itself. Notably, the capacity to sue and be sued are not listed among the legislative and investigatory powers granted to the municipal council. N.J. Stat. Ann. § 40:69A–36. The complaint fails to allege a basis for suing the Municipal Council, and the plaintiff has made no argument that the Council, as such, can be sued in these circumstances. The claims against the Council are therefore dismissed.

### c. Claims against Councilman Luis Quintana

Councilman Luis Quintana is alleged to be the person who actually prevented Ms. El Bomani from speaking and had her ejected.

Defendants contend that Councilman Quintana is entitled to legislative immunity in this matter. (DE 7-1 at 15) "[M]embers of a municipal council acting in a legislative capacity are immune from damage suits under section 1983" and "are immune from suit under section 1985(3) as well." *Aitchison v. Raffiani*, 708 F.2d 96, 99 (3d Cir. 1983). Defendants do not attempt to explain further how Councilman Quintana was acting in a legislative capacity when he barred Ms. El Bomani from speaking at the council meeting at issue, and Ms. El Bomani makes no response. The court is unable to resolve this issue, which is both fact and law intensive.[2]

---

[2] Whether a council member acts in a legislative capacity turns on the nature of the act rather than the nature of the actor's office or the actor's intent. *Larsen v. Senate of the Commonwealth of Pennsylvania*, 152 F.3d 240, 249 (3d Cir. 1998) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)). "To be legislative, the act must be (1)

5

I will therefore set the immunity issue and consider whether the complaint alleges facts sufficient to state a First Amendment claim against Councilman Quintana. I find that it does not. "For a right to speak claim, a plaintiff must allege that: (1) the speech was protected by the First Amendment and (2) the government excluded the plaintiff's speech in a public or non-public forum without justifying its actions to the standard required for the particular forum." *Graw v. Fantasky*, 68 F. App'x 378, 381 (3d Cir. 2003) (citing *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788. 797 (1985)). Here, Ms. El Bomani did not allege facts relating to the nature of the relevant speech and did not allege that the Municipal Council failed to justify their actions to the standard required for the given forum. *See id.*

The complaint does not allege that, for example, that the Councilman objected to the content of Ms. El Bomani's speech and therefore cut her off. Rather, she was prevented from speaking as the result of a sixty-day suspension, based on an undescribed incident the previous day. The complaint alleges that Ms. El Bomani "was issued a letter" informing her that she "was banned from speaking for 60 days for something that took place on September 17th, 2019." Whether Ms. El Bomani's conduct on September 17th would have justified the suspension does not appear from the complaint. *See generally Eichenlaub v. Twp. of Indiana,* 385 F.3d 274, 281 (3d Cir. 2004) (disruptive speaker may be removed from public meeting consistent with First Amendment). The complaint does not allege what occurred on that date or state any basis for concluding that the suspension was improper. All that

---

substantively legislative, such as 'policy-making of a general purpose' or 'line-drawing'; and (2) procedurally legislative, such that it is 'passed by means of established legislative procedures.'" *Carver v. Foerster*, 102 F.3d 96, 100 (3d Cir. 1996). While the "the number of persons affected by a given decision might be an important factor in the two-part immunity analysis, it [i]s not dispositive." *Id.*

I find that it is simply unclear based on the allegations in the complaint whether Councilman Quintana was engaged in "policy making of a general purpose" or whether the act of excluding Ms. El Bomani from speaking at the public meeting was "passed by means of established legislative procedures." Thus, it is unclear whether the absolute immunity applies in this instance. *See id.*

appears from this complaint is that Ms. El Bomani was under a sixty-day suspension and attempted to violate it. There may be more to the story, but if so, it has not been alleged.

The complaint therefore fails to state a right-to-speak claim against Councilman Quintana.[3]

### ii.  Plaintiff's tort claims

To the extent the Complaint raises state law tort claims of assault or negligence, I find they are barred by the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat Ann. §§ 59:1-1 *et seq.*

The NJTCA governs tort claims against public entities and public employees. *Ingram v. Township of Deptford*, 858 F. Supp 2d 386, 400 (D.N.J. 2012). Under the NJTCA, a claimant is required to file notice of a tort claim with a public entity within ninety days of accrual of the claim. N.J. Stat. Ann. § 59:8-8(a). Failure to abide by the NJTCA's procedural requirements is fatal to claims for damages against public entities. N.J. Stat. Ann. § 59:8-3 (a) ("Except as otherwise provided in this section, no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter.")

The City has submitted the certification of an employee confirming that no pertinent notice of claim appears in the public records of the City. (DE 7-4) Ms. El Bomani does not allege that she filed a notice of claim with the City. The tort claims against the City and its employees must therefore be dismissed. *See Velez v. City of Jersey City*, 850 A.2d 1238, 1239 (N.J. 2004); *Ingram*, 858 F. Supp 2d at 400 (holding that the plaintiff's complaint failed to state a claim for negligence, assault and battery because the complaint did not allege that the plaintiff filed notice in accordance with the NJTCA).

---

[3] For the same reason, I find that Ms. El Bomani failed to raise a First Amendment claim against Police Officer Marcus Thomas in connection with her removal from the room.

I.   **Conclusion**

For the reasons set forth above, I will grant Defendants' unopposed motion (DE 7) to dismiss the complaint.

An appropriate order follows.

Dated: December 30, 2020

/s/ Kevin McNulty

_____

**Kevin McNulty
United States District Judge**