# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MUNIRAH EL BOMANI,** <br><br> Plaintiff, <br><br> v. <br><br> **RAS J. BARAKA,** *et al.* <br><br> Defendants. | Civ. No. 20-655 (KM) (ESK) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

On December 30, 2020, this Court dismissed the Complaint of *pro se* plaintiff Munirah El Bomani for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 8; DE 9.)[1] The dismissal was entered without prejudice to the filing, within 30 days, of a proposed Amended Complaint. (DE 9.) Ms. El Bomani filed an Amended Complaint (DE 10) on February 8, 2021.[2] The City of Newark, incorrectly pleaded as the Newark Municipal Council, Business Administrator Eric Pennington, and Councilman Luis Quintana (collectively "defendants") moved to dismiss. (DE 11.) Defendants submit, *inter alia*, that the Amended Complaint fails to correct the errors of the initial Complaint. Because I agree, I will grant defendants' motion (DE 11).

---

[1]     Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Plaintiff's initial Complaint (DE 1)

"Am. Compl." = Plaintiff's Amended Complaint (DE 10)

[2]     In light of the plaintiff's *pro se* status, I will excuse the filing a week past the deadline set by the Court.

I.  **Summary**

   a. **Facts and Procedural History**

Ms. El Bomani, a Newark resident, initiated this action on January 17, 2020 against Ras J. Baraka, the Mayor of Newark; Amiri Baraka, Jr., Chief of Staff; Eric Pennington, Business Administrator; Luis Quintana, Councilman At Large; the Newark Police Department; the Newark Municipal Council; Marcus Thomas, Police Officer; and Kenyatta Stewart, the Corporation Counsel. (Compl. at 1-3.) As detailed in the Court's December 30 Opinion, the initial Complaint alleged the following:

> [O]n September 18, 2019, sometime between 7:00 p.m. and 7:30 p.m., Ms. El Bomani was listed to speak at the "Hearing of Citizens" portion of a City Council meeting. (Compl. at 4) "Just before" her time to speak, Ms. El Bomani was "issued" a letter informing her that she was banned from speaking for sixty days based on an incident that had occurred the previous day, September 17, 2019. (Compl. at 4) Ms. El Bomani alleges that, while she asked the Council why she was being prevented from speaking during a public meeting and why she was forced to leave a public building, "Councilman Luis Quintana called the police officers assigned to the council chambers to remove [her] from the podium and council chambers." (Compl. at 4) Police Officer Marcus Thomas then allegedly "grabbed" Ms. El Bomani, "manhandled" her, hit her jaw, and removed her from the City Council's chambers. (Compl. at 4)
>
> Plaintiff alleges that as a result of Defendants' conduct, she suffered injury to her constitutional rights, as well as physical injuries and emotional harm. (Compl. at 4) She seeks a declaratory judgment that Defendants violated her rights under the First Amendment to the United States Constitution, injunctive relief in the form of an order prohibiting Defendants from violating her rights in the future, and pain and suffering damages in the amount of $250,000. (Compl. at 5)

(DE 8 at 2.)

Defendants filed a to dismiss the Complaint on June 24, 2020. (DE 7.) Although the motion was unopposed, under *Stackhouse v. Mazurkiewicz*, 951

F.2d 29, 30 (3d Cir. 1991), I nevertheless analyzed the merits of the motion, ultimately concluding that the Complaint failed to state a claim. (DE 8 at 8.)

Although the Complaint did not explicitly identify a cause of action, I construed it as asserting a First Amendment "right to speak" claim under 42 U.S.C. § 1983, as well as state law tort claims of assault or negligence. (*Id.* at 4.) At the outset, I dismissed the claims against Mayor Baraka, Chief Baraka, Pennington, Ambrose, and Stewart because, as to them, the Complaint alleged no facts at all. (*Id.*) I then dismissed the claims against the Newark Police Department and Newark Municipal Counsel because, as mere arms of Newark's city government, those entities lack the independent capacity to sue or be sued. (*Id.* at 4-5.)

Regarding the claims against Councilman Quintana, I found that the Complaint failed to allege facts sufficient to state a First Amendment claim. (*Id.* at 6.) In particular, I noted that "Ms. El Bomani did not allege facts relating to the nature of the relevant speech and did not allege that the Municipal Council failed to justify their actions to the standard required for the given forum." (*Id.*); *Graw v. Fantasky*, 68 F. App'x 378, 381 (3d Cir. 2003) (citing *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788. 797 (1985)) ("For a right to speak claim, a plaintiff must allege that: (1) the speech was protected by the First Amendment and (2) the government excluded the plaintiff's speech in a public or non-public forum without justifying its actions to the standard required for the particular forum."). Because the initial Complaint similarly failed to assert allegations regarding the nature of the speech or the justifications for preventing her speech, I dismissed the First Amendment claim against Police Office Thomas as well. (DE 8 at 7 n.3.)

Finally, to the extent that the Complaint raised tort claims, I found that they were barred by the New Jersey Torts Claim Act ("NJTCA"), which requires a claimant to file a notice of tort claim with a public entity within ninety days of accrual of the claim. (*Id.* at 7 (citing N.J. Stat. Ann. § 59:8-8(a).) The City of Newark submitted a certification confirming that the required notice of claim

had not been filed, and Ms. El Bomani did not allege that she filed the required notice of claim with the City. (*Id.*) Therefore, under the NJTCA, I dismissed the tort claims against Newark and its employees. (*Id.*) The dismissal was entered without prejudice to amendment.

### b. The Amended Complaint

On February 8, 2021, Ms. El Bomani filed an Amended Complaint asserting claims against only three of the previously-named defendants: Councilman Quintana, the Newark Municipal Council,[3] and Business Administrator Pennington. (Am. Compl. at 1.) The Amended Complaint contains only one additional factual allegation: that Ms. El Bomani was banned, without a hearing, from speaking for sixty days due to "a comment" she made at a prior meeting, on September 17, 2019. (Am. Compl. at 3.) It was based on that ban, the Amended Complaint asserts, that Ms. El Bomani was prevented from speaking at the second meeting, in violation of her rights to due process and freedom of speech. (*Id.*) I interpret this as a constitutional claim under 42 US.C. § 1983; the Amended Complaint does not appear to reassert any tort claims.

Defendants now move (DE 11) to dismiss the Amended Complaint for failure to state a claim. Defendants submitted a statement (DE 11-4) that no brief is necessary pursuant to Local Civil Rule 7.1 (d)(4) because, defendants contend, the Amended Complaint has not rectified any of the legal deficiencies identified in the December 30 Opinion. Ms. El Bomani submitted an opposition (DE 14) which reasserts the same factual allegation in the Amended Complaint. Finally, defendants submitted a statement (DE 13) that no reply brief is necessary because the opposition responded to none of the points raised in defendants' moving papers or the Court's December 30 Opinion.

---

[3]   I note, again, that the correct defendant is the City of Newark, not the Council, which is not an independent entity that can sue or be sued. (*See* DE 8 at 4-5.)

## II. Legal Standard

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice . . . keeping in mind that pro se complaints in particular should be construed liberally." (citations omitted)). This does not, however, absolve a pro se plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g.*, *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("[A] *pro se* complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

### III. Discussion

I first dismiss all claims against Business Administrator Pennington, because, as to him, the Amended Complaint alleges no facts at all. As to the remaining defendants, I find that the Amended Complaint fails to establish entitlement to relief for either a free speech claim or a due process claim.

#### a. Free Speech Claim

Regarding Ms. El Bomani's free speech claim, the Amended Complaint fails to rectify the deficiencies of the initial Complaint. The only new information the Court now has is that Ms. El Bomani was issued a suspension for having made a "comment" at the September 17, 2019 meeting.[4] As

---

[4]   Defendants have attached the letter banning Ms. El Bomani from speaking at Municipal Council meetings for sixty days. (DE 11-3, Exhibit A.) When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings. However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[.]" *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and citations omitted); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Here, the suspension letter is explicitly relied upon in the Amended Complaint. (*See* Am. Compl. at 3.) The letter does not, however, remedy the failures of either complaint. It describes the basis of the 60-day ban as follows:

> [A]s a result of a certain incident which occurred on September 17, 2019 at City Hall during the Public Hearing portion of the scheduled Pre-Meeting Conference of the Municipal Council, wherein the said Munirah El-Bomani, in addressing the Municipal Council acted in a disruptive

explained in this Court's prior opinion, to establish a right-to-speak claim, a plaintiff must allege that: "(1) the speech was protected by the First Amendment and (2) the government excluded the plaintiff's speech in a public or non-public forum without justifying its actions to the standard required for the particular forum." *Graw*, 68 F. App'x at 381. The Amended Complaint provides none of that information.

In the December 30 Opinion, I gave Ms. El Bomani guidance on the type of factual assertions needed to survive a motion to dismiss:

> The complaint does not allege that, for example, that the Councilman objected to the content of Ms. El Bomani's speech and therefore cut her off. Rather, she was prevented from speaking as the result of a sixty-day suspension, based on an undescribed incident the previous day. The complaint alleges that Ms. El Bomani "was issued a letter" informing her that she "was banned from speaking for 60 days for something that took place on September 17th, 2019." Whether Ms. El Bomani's conduct on September 17th would have justified the suspension does not appear from the complaint. *See generally Eichenlaub v. Twp.* of Indiana, 385 F.3d 274, 281 (3d Cir. 2004) (disruptive speaker may be removed from public meeting consistent with First Amendment). The complaint does not allege what occurred on that date or state any basis for concluding that the suspension was improper. All that appears from this complaint is that Ms. El Bomani was under a sixty-day suspension and attempted to violate it. There may be more to the story, but if so, it has not been alleged.

(DE 8 at 6-7.)

Whether the 60-day ban was invalid still cannot be gleaned from the Amended Complaint. Again, Ms. El Bomani has failed to provide any information about the sixty-day suspension other than that it was based on a "comment." (Am. Compl. at 3.) Based on the allegations in the Amended Complaint, the Court does not know the content or nature of Ms. El Bomani's

---

manner, directing personal, and malicious remarks at the Business Administrator Mr. Eric S. Pennington.

(DE 11-3 at 2.) Aside from characterizing the acts or remarks as disruptive, personal, and malicious, the letter does not summarize or describe them.

speech. Moreover, Ms. El Bomani again fails to allege facts from which the court could conclude that the Municipal Council, despite the stated basis for the ban in its letter, in fact failed to justify their actions in relation to the standard required for the given forum. Therefore, her free speech claim must be dismissed. *See Graw*, 68 F. App'x at 381.

### b. Due Process Claim

The Amended Complaint alleges that Ms. El Bomani's due process rights were violated due to her sixty-day speaking ban that was issued allegedly without a hearing. (Am. Compl. at 3.) Although a *pro se* plaintiff's pleadings are liberally construed, the plaintiff must still do more than provide a "blanket assertion" that she is entitled to relief. *Phillips*, 515 F.3d at 232. Rule 8 of the Federal Rules of Civil Procedure requires at least a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Here, Ms. El Bomani provides no more than a bald assertion that defendants violated her due process rights. Indeed, without more information, it is unclear what substantive or procedural due process violations Ms. El Bomani is alleging occurred. (*See generally* Am. Compl.) For that reason, the due process claim must be dismissed as well.[5]

---

[5] Defendants submit that the free speech and due process claims against Councilman Quintana must fail because he is protected by legislative immunity. "[M]embers of a municipal council acting in a legislative capacity are immune from damage suits under section 1983." *Aitchison v. Raffiani*, 708 F.2d 96, 99 (3d Cir. 1983). Whether a council member acts in a legislative capacity turns on the nature of the act rather than the nature of the actor's office or the actor's intent. *Larsen v. Senate of the Commonwealth of Pennsylvania*, 152 F.3d 240, 249 (3d Cir. 1998) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)). "To be legislative, the act must be (1) substantively legislative, such as 'policy-making of a general purpose' or 'line-drawing'; and (2) procedurally legislative, such that it is 'passed by means of established legislative procedures.'" *Carver v. Foerster*, 102 F.3d 96, 100 (3d Cir. 1996). While the "the number of persons affected by a given decision might be an important factor in the two-part immunity analysis, it [i]s not dispositive." *Id.*

In the December 30 Opinion, I explained that, based on the allegations in the Complaint, it was unclear whether Councilman Quintana was acting in a legislative capacity. (DE 8 at 5-6 n.2.) Now, defendants submit that the suspension letter sufficiently demonstrates that legislative immunity applies:

## IV. Conclusion

For the reasons set forth above, I will grant defendants' motion (DE 11) to dismiss the Amended Complaint. Because plaintiff has failed to correct the errors of the initial Complaint or indicate any willingness or ability to do so, this dismissal will now be entered **with prejudice.**

An appropriate order follows.

Dated: June 9, 2021

/s/ Kevin McNulty
_____
**Kevin McNulty
United States District Judge**

---

[T]he Letter notes that (1) "Munirah El Bomani, in addressing the Municipal Council acted in a disruptive manner, directing personal, and malicious remarks at the Business Administrator Mr. Eric S. Pennington"; (2) "the, Rules of Procedure for the Municipal Council, Rule XVIII, Manner of Addressing the Municipal Council, provides that the 'Presiding Officer may interrupt or terminate any individual's speaking privilege if these rules are violated and further may prohibit requests from such individual to register and speak at further Municipal Council meetings in accordance with Rule XVl[I] Addressing the Municipal Council: 'Time Limit'"; and (3) that Councilman Quintana enforced the above-referenced Municipal Council Rules in his capacity as Council Vice-President.

(DE 11-4 at 2-3.)

Assuming, without ruling, that Councilman Quintana was acting in a legislative capacity, absolute immunity applies to actions brought against the individual defendants in their individual capacities. *Aitchison*, 708 F.2d at 100. However, legislative immunity does not bar Section 1983 suits against municipal members in their official capacities. This is because Section 1983 claims against city council members in their official capacities are "in all respects other than name, to be treated as a suit against the entity." *Bass v. Attardi*, 868 F.2d 45, 51 (3d Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166(1985)). Here, the Amended Complaint lists "Luis Quintana, Councilman at large" as the defendant—seemingly, though not clearly, in his official capacity. (Am. Compl. at 3.) Nevertheless, because I dismiss the Amended Complaint for failure to state a claim, it is unnecessary to address defendants' legislative immunity arguments.